UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE MAZLOUM, <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, <br><br> Acting Commissioner of Social Security, <br><br> Defendant. | No. 1:15-CV-03058-MKD <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 18, 22 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 18, 22. The parties consented to proceed before a magistrate judge. ECF No. 4. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion (ECF No. 18) and denies Defendant's motion (ECF No. 22).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shineski v. Sanders*, 556 U.S. 396, 409-410 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id*. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's

work activity. *Id.* § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. *Id.* § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. *Id.* § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. *Id.* § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. *Id.* § 416.920(a)(4)(iii). If the impairment is as severe as, or more severe than, one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. *Id.* § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, *id.* § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). *Id.* § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. *Id.* § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. *Id.* § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. *Id.* § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

1  The claimant bears the burden of proof at steps one through four above.

2  *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If

3  the analysis proceeds to step five, the burden shifts to the Commissioner to

4  establish that (1) the claimant is capable of performing other work; and (2) such

5  work "exists in significant numbers in the national economy." 20 C.F.R. §

6  416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ's FINDINGS

Plaintiff applied for Title XVI Supplemental Security Income (SSI) on May 3, 2011, alleging amended onset beginning October 1, 2011. Tr. 12, 33. The application was denied initially, Tr. 60-72, and upon reconsideration, Tr. 75-89. Plaintiff appeared for a hearing before an administrative law judge (ALJ) on August 1, 2013. Tr. 29-59. On December 30, 2013, the ALJ rendered a decision denying Plaintiff's claim. Tr. 9-28.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 3, 2012. Tr. 14. At step two, the ALJ found Plaintiff suffers from the following severe impairments: degenerative disc disease; affective disorder; and anxiety disorder. Tr. 15. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 15. The ALJ then concluded that the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

Plaintiff had the RFC to perform light work, with additional limitations. Tr. 17-22. At step four, the ALJ found Plaintiff could not perform any past relevant work. Tr. 22. At step-five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs in significant numbers in the national economy that Plaintiff could perform, such as cashier II, cleaner housekeeper, and assembler. Tr. 23. On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act. Tr. 24.

On March 20, 2015, the Appeals Council denied review, Tr. 1-7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her SSI under Title XVI of the Social Security Act. ECF No. 18. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence; and

2. Whether the ALJ conducted an adequate step-five analysis.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

# DISCUSSION

**A. Medical Opinion Evidence**

Plaintiff faults the ALJ for discounting the opinions of examining psychologist, Roland Dougherty, Ph.D., social worker Derrick Conley, and nurse Mara Fusfield.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*. at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

"However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r, of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

Nurses and social workers are "other sources," whose opinions must be considered. 20 C.F.R. §§ 404.151, 416.913. To reject the opinion of such "other sources," the ALJ must identify germane reasons. *Molina*, 674 F.3d at 1108.

1. *Dr. Dougherty*

Plaintiff contends that the ALJ did not offer any reasons – let alone legally sufficient reasons – for discounting Dr. Dougherty's opinion that Plaintiff suffers from major depressive disorder, cognitive disorder, PTSD, and obsessive-compulsive traits. ECF No. 18 at 11.

The ALJ addressed Dr. Dougherty's opinion that Plaintiff suffers from a cognitive disorder. The ALJ noted that "[d]espite the claimant's ability to perform within normal limits on certain subtests during mental status testing, and his rule

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

out diagnosis of 'Symptom exaggeration' Dr. Dougherty opined that claimant has a cognitive disorder." Tr. 20 (quoting Tr. 414).  A record inconsistent with a medical provider's opinion constitutes a specific and legitimate reason for which an ALJ may reject a provider's opinion. *See*, *e.g.*, *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (affirming ALJ when presented with inconsistent medical record); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) ("[I]nternal inconsistencies within Dr. Reaves's and Dr. Grosscup's reports, and the inconsistencies between their reports, also constitute relevant evidence.").  Contrary to Plaintiff's contention, the ALJ offered specific and legitimate reasons for discounting Dr. Dougherty's cognitive disorder diagnosis.

Dr. Dougherty also diagnosed Plaintiff with major depressive disorder, PTSD, and obsessive-compulsive traits.  Tr. 414.  The ALJ could reject Dr. Dougherty's diagnoses by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).  But, where an ALJ does not explicitly reject a medical opinion, she errs. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  Here, the ALJ failed to specifically address Dr. Dougherty's diagnoses.  Tr. 17-21.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

The Commissioner contests this, contending the ALJ properly relied on state agency psychologist Sharon Underwood, Ph.D, to reject Dr. Dougherty's diagnoses. The ALJ gave significant weight to Dr. Underwood's opinion and some weight to portions of Dr. Dougherty's opinion. Tr. 20-21. But the ALJ's analysis did not compare their opinions, at least not those opinions diagnosing Plaintiff with major depressive disorder, PTSD, and obsessive compulsive traits. Without that comparison, the Commissioner's contention is nothing but an invitation to affirm the denial of benefits on a ground not invoked by the Commissioner. The Court declines to do so. *Pinto v. Massanari*, 249 F.3d 840, 847-848 (9th Cir. 2001).

Here, absent the additional unaddressed report from Mr. Conley, the ALJ's failure to address some of Dr. Dougherty diagnoses may have been harmless. The mere presence of diagnoses in the record is insufficient to establish disability. *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993); *see also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (explaining that ALJ need only discuss significant probative evidence). While Dr. Dougherty made several diagnoses, he did not assess any non-exertional limitations stemming from his diagnoses. Tr. 408-415. Without such limitations, there would be nothing for the ALJ to incorporate into Plaintiff's RFC. Thus, to the extent the ALJ erred, the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

error would typically be harmless. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where it is non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion). But, as discussed below, Dr. Dougherty's diagnoses lend credence to the limitations Mr. Conley assesses, limitations the ALJ and the Appeals Council failed to account for and address.

2.  *Social Worker Derrick Conley*

Plaintiff contends the ALJ erred by not addressing social worker Derrick Conley's opinion that she is unable to work. ECF No. 18 at 11 (citing Tr. 589). Here, the ALJ could not have addressed Mr. Conley's opinion because Plaintiff did not submit Mr. Conley's opinion until after the ALJ issued her decision. *Compare* Tr. 9-28 *with* 589-591.

The Appeals Council did, however, consider Mr. Conley's opinion. Tr. 1-7. Where, as here, the Appeals Council considers new evidence, that evidence becomes part of the administrative record, which this Court must consider. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Courts presented with new evidence must determine whether, in light of the new evidence, the ALJ's decision is supported by substantial evidence. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

Mr. Conley's opinion, considered alone, might not call into question the ALJ's decision. But when coupled with the unaddressed portions of Dr. Dougherty's opinion, the new evidence leads this Court to conclude that substantial evidence does not support the ALJ's decision. Mr. Conley found Plaintiff suffered from major depressive disorder, panic disorder without agoraphobia, and borderline personality disorder. Tr. 589. Based on these diagnoses, Mr. Conley concluded Plaintiff could not work. Mr. Conley explained that Plaintiff's depression and anxiety caused her to seclude herself away from people and, as a result, she missed things like appointments. Tr. 589. When Plaintiff does not seclude herself, she suffers panic attacks and her borderline personality disorder makes it difficult to relate to others. Tr. 589.

The Commissioner urges this Court to reject Mr. Conley's opinion because it is based on a single consultation without any supporting clinical findings. ECF No. 22 at 11. Without any supporting clinical findings, the Commissioner contends, Mr. Conley's opinion can only be substantiated by Plaintiff's symptom claims, claims the ALJ properly discredited as "inconsistent and exaggerated." Tr. 18. The Court notes that Dr. Dougherty's diagnoses are clinical findings that could potentially support Mr. Conley's opinion. Together, their opinions lead the Court to conclude Plaintiff may suffer additional limitations, for which the ALJ

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

and Appeals Council failed to account and address. On remand, the Court directs the ALJ to address Dr. Dougherty's additional diagnosis and Mr. Conley's opinion of functional limitations.

### 3. *Nurse Mara Fusfield*

Next, Plaintiff faults the ALJ for rejecting Mara Fusfield's opinion that Plaintiff was limited to sedentary work. ECF 18 at 11 (citing Tr. 306-308). Because Ms. Fusfield is a nurse, she is considered an "other source," and the ALJ could reject her opinion for germane reasons. *Molina*, 674 F.3d at 1108.

Here, Plaintiff submitted a report from Ms. Fusfield, in which she opined that Plaintiff was limited to sedentary work. Tr. 306-08. However, Plaintiff admitted to another doctor, Tr. 529, 532, and to the ALJ that Ms. Fusfield subsequently refused to provide Plaintiff further pain medications after Ms. Fusfield observed Plaintiff walking. Tr. 39-40. Plaintiff did not provide any records to the ALJ related to Ms. Fusfield's refusal to provide pain medications. Moreover, the ALJ held the record open so that additional records could be submitted. Tr. 19. Plaintiff never provided any additional records regarding the subsequent interaction with Ms. Fusfield. Tr. 19. Faced with Plaintiff's failure to provide complete routine treatment records, the ALJ inferred that the treatment

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

records would show Plaintiff is not as disabled as she alleges.[1]  Tr. 19.  It was reasonable for the ALJ to infer that the additional records would not be beneficial to Plaintiff's disability claim.

Plaintiff contends that the ALJ "did not discuss this opinion or state the weight it was given." ECF No. 18 at 11 (citing Tr. 20-22).  In so arguing, Plaintiff cites to the portion of the ALJ's decision in which the ALJ assesses various medical providers' opinions.  However, the ALJ had addressed the lack of complete records related to Ms. Fusfield's treatment of Plaintiff in a previous section.  Tr. 19.  It is apparent to this Court that the ALJ drew a negative inference regarding Ms. Fusfield's opinion due to the lack of complete records.  The ALJ's inference constitutes a germane reason for rejecting nurse Fusfield's opinion.  However, given that the Court is ordering remand with respect to Mr. Conley's

---

[1] Moreover, the ALJ noted that Plaintiff's failure to provide the complete treatment records from Ms. Fusfield was consistent with Plaintiff's failure to supplement the record with her college transcript, which the ALJ requested.  Tr. 19.  This Court notes that Plaintiff also submitted additional evidence after the ALJ rendered her decision, which consisted of a report from social worker Conley, which supported her claim of disability.  Tr. 588-591.  When supplementing the record, Plaintiff provided only records that supported her claim of disability.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

opinion, the Court directs the ALJ to clarify her consideration of Ms. Fusfield's opinion and the weight she accorded it.

    4.    <u>Credit-as-True</u>

Plaintiff urges the Court to credit-as-true the opinions of Dr. Dougherty, Ms. Fusfield, and Mr. Conley and remand this case for an award of benefits. ECF No. 18 at 13-14. To do so, the Court must find that the record has been fully developed and further administrative proceedings would not be useful. *Garrison*, 759 F.3d at 1019-20; *Varney v. Sec. of Health and Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988). Otherwise, the appropriate remedy is "remand to the agency for additional investigation or explanation." *Treichler v. Comm'r of Soc. Sec. Admin*, 775 F.3d 1090, 1099 (9th Cir. 2014).

Administrative proceedings are useful where there is a need to resolve conflicts and ambiguities in the evidence. *Treichler*, 775 F.3d at 1101 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Here, there are conflicts to resolve. For example, while Dr. Dougherty diagnosed Plaintiff with major depressive disorder, PTSD, and obsessive compulsive traits, Dr. Underwood opined Plaintiff exaggerated her symptoms and that such symptoms were inconsistent with her daily activities. *Compare* Tr. 413-414 *with* Tr. 82. "Where," as here, "there is conflicting evidence, and not all essential factual issues have

been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, this Court remands this case for further proceedings.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence or free of legal error.

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 18) is **GRANTED** and the matter is remanded to the Commissioner for additional proceedings pursuant to sentence four. 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment (ECF No. 22) is **DENIED**.

3. An application for attorney's fee may be filed by separate motion.

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE PLAINTIFF**, **REMAND THE CASE FOR FURTHER PROCEEDINGS,** provide copies to counsel, and **CLOSE** the file.

DATED this Thursday, May 12, 2016.

*s/ Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE